# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Ex Parte Application of Joint Stock Company Raiffeisenbank for an Order Pursuant to 28 U.S.C. § 1782 | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: 　　　　　　　　　　Ilya Zubarev, Runa Capital
459 Hamilton Avenue Office #306, Palo Alto, CA 94301 United States

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached.

| Place: Jones Day<br>555 California Street, 26th Floor<br>San Francisco, CA 94104-1500 | Date and Time:<br>11/07/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:　Video recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
　　　　See attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

　　　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　　　OR

　　_____　　　_____
　　*Signature of Clerk or Deputy Clerk*　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Joint Stock Company Raiffeisenbank _____ , who issues or requests this subpoena, are:

David L. Wallach, Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104-1500, dwallach@jonesday.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____    on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                         _____

                                *Server's signature*

                         _____

                              *Printed name and title*

                         _____

                              *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## GENERAL

Ilya Zubarev ("Zubarev") is required to produce the Documents Requested and testify about the following Areas of Inquiry, according to the following Definitions and Instructions.

## DEFINITIONS

For purposes of these Requests, the following definitions shall apply:

1. **"RFB"** shall mean Joint Stock Company Raiffeisenbank ("**RFB**") a bank registered under the laws of the Russian Federation with its registered address at 17 Troitskaya Street, Building 1, Moscow, 129090, Russia, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

2. **"TV-Alliance"** shall mean TV-Alliance LLC, a company registered under the laws of the Russian Federation with its registered address at 19 Chernyakhovskogo Street, Moscow, 125319, Russia, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

3. **"Loan Facility Agreement"** shall mean the Loan Facility Agreement signed between TV-Alliance and RFB on July 22, 2014.

4. "Vitta" shall mean Vitta LLC a company registered under the laws of the Russian Federation with its registered address at 7 Second Khoroshevsky Way, Building 1, Moscow, 123007, Russia, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

5. **"Vitta Floating Charge Agreement"** shall mean Floating Charge Over Stock Agreement No. RBA/16298/P between Vitta and RFB dated 22 July 2014

6. **"Technika"** shall mean Sovershennaya Technika LLC, a company registered under the laws of the Russian Federation with its registered address at 102, Fourth Bolshaya Okruzhnaya Street, Kaliningrad, Kaliningradskaya oblast, 236009, Russia, and any of its

employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

7.     **"Technika Suretyship Agreement"** shall mean Suretyship Agreement No. RBA/16298/S3 between Technika and RFB dated 22 July 2014.

8.     **"Videofon"** shall mean Videofon OJSC, a company registered under the laws of the Russian Federation with its registered address at 26 Planetnaya Street, Voronezh, 394044, Russia, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

9.     **"Videofon Mortgage Agreement"** shall mean Mortgage Agreement between Videofon and RFB dated 5 Feb. 2015.

10.    **"Videofon Suretyship Agreement"** shall mean Suretyship Agreement No. RBA/16298/S1 between Videofon and RFB dated 5 Feb. 2015

11.    **"Vargis"** shall mean Vargis LLC, a company registered under the laws of the Russian Federation, with its registered address at 80 Leningradsky Prospect, Building 1, Room 13, Moscow, 125190, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

12.    **"Vargis Suretyship Agreement"** shall mean Suretyship Agreement No. RBA/16298/S4 between Vargis and RFB dated 22 July 2014.

13.    **"SWT"** shall mean Standard and Western Trading Inc., a company incorporated and existing under the laws of the British Virgin Islands with BVI Company No. 1439705, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

14.    **"SWT Suretyship Agreement"** shall mean Suretyship Agreement No.

RBA/16298/S5 between SWT and RFB dated 22 July 2014.

15. **"Collateral Providers"** shall collectively mean Videofon, Technika, Vitta, Vargis, and SWT.

16. **"Collateral Agreements"** shall collectively mean the Vitta Floating Charge Agreement, Technika Suretyship Agreement, Videofon Mortgage Agreement, Videofon Suretyship Agreement, Vargis Suretyship Agreement, and SWT Suretyship Agreement.

17. **"Rolsen Group"** shall mean the Rolsen Group, a conglomerate of companies co-founded by You and Sergeui Beloussov and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, related companies or entities, successors or predecessors, including but not limited to TV-Alliance, Videofon, Technika, Vitta, Vargis, and SWT.

18. **"Beneficial Owners**: shall collectively mean You, Serguei Beloussov, Dmitry Kalomeets, and Suk Joo Lee.

19. **"Communications"** shall mean any manner or means of disclosure, transfer, exchange or conveyance of information to an entity including, but not limited to, any conversation, discussion, letter, memorandum, email, facsimile transmission, note, meeting or other transfer of information whether oral or written, or by any other means and includes any Document (as defined herein) which abstracts, digests, transcribes or records any communication.

20. **"Concerning"** shall mean relating to, referring to, constituting, reflecting, concerning, pertaining to or evidencing, or in any way logically or factually connected with the matter described in these Requests.

21. **"Document"** shall include, without limitation, any writing (whether handwritten,

typed, or other printed matter of any kind), drawing, graph, chart, photograph, radiograph, x-ray, phone record, electronic or mechanical matter (including emails, voicemails, microfilm of any kind or nature, tape recordings or digital recordings), or other data (in the form of compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form), and all non-identical copies of drafts of any of the foregoing, and shall include, without limiting the generality of the foregoing: correspondence; notes; spreadsheets; opinions; compilations; chronicles; minutes; resolutions; certificates; agendas; specifications; inter-office and intra-office communications; telegrams; teletypes; agreements; contracts; studies; reports; quotations; memoranda; notes and recordings of telephone or other conversations, conferences or meetings; corporate minutes and resolutions; journal entries; notes and notations (whether separate or added to another document); desk calendars; appointment or memo books; diaries; telephone message pads or slips; work papers; summaries; opinions; analyses; evaluations; agendas; bulletins; brochures; manuals; schedules; books; accounts; ledgers; invoices; purchase orders; receipts; vouchers; checks (including all endorsements thereof); negotiable instruments; commercial paper; banker's items; electronic fund transfer requests or confirmations; payment orders; deposit slips; withdrawal slips; signature cards; affidavits; transcripts; newspaper clippings; any and all other writings, papers or tangible preservation of information of any kind; and any and all information stored in computers or other data storage or processing equipment (together with a copy of the software and information as to the hardware configuration necessary to display and/or print the information in legible form); and all translations thereof.

22.     **"You"** and **"Your"** shall mean Ilya Zubarev.

## INSTRUCTIONS

1.  In producing documents pursuant to these requests, You are required to furnish all documents in Your possession, custody, or control that are known or available to You, regardless of whether those documents are currently possessed by You or by any of Your agents, attorneys, investigators, representatives, financial advisors, consultants, officers, directors, or employees. You must make a diligent search of Your records (including, but not limited to, paper records, computerized records, electronic mail records and voicemail records) and of other papers and material in Your possession.

2.  If You contend that no documents exist relating to all or part of a request, state this contention and respond as fully as possible to all parts of the request for which any document does exist.

3.  Documents are to be produced in a way that identifies the request or requests to which each document applies, or as they are maintained in the usual course of business. Documents to be produced shall be the original of all Documents in the regular files as maintained, together with any Documents that were clipped or attached to them, and, in addition, any originals or copies containing handwriting or other notations. A complete and legible copy may be produced in lieu of producing the Document itself.

4.  A request for the production of any Document shall be deemed to include a request for all drafts thereof and all revisions or modifications thereto, as well as all non-identical copies thereof, including any copies with handwriting or other notations.

5.  If any Document is withheld by You under a claim of privilege, You shall furnish a list signed by the person supervising the production of Documents that identifies and describes each Document for which the privilege is claimed, together with the following information with

respect to each such Document:

(a) title and date;

(b) author, signer, any person who participated in its preparation, and/or sender;

(c) subject matter;

(d) number of pages;

(e) persons to whom copies were furnished or who are known to have seen the Document, together with their employer and job title;

(f) the present custodian of the Document;

(g) the basis on which the privilege is claimed; and

(h) the nature of the privilege asserted as a basis for withholding the Document.

6. Notwithstanding a claim that a Document contains privileged information or is otherwise partially immune from discovery, any such Document must be produced with the portion claimed to be protected excised.

7. If any of the Documents cannot be produced in full, they shall be produced to the maximum extent possible and the responding party shall specify the reasons for the inability to produce the remainder.

8. Where an objection is made to any request, the objection shall state with specificity all grounds for such objection. Any ground not stated in a timely objection shall be waived.

9. In the event that any Document covered hereunder has been destroyed, discarded or lost, the responding party shall identify each such Document by stating: (a) the addressor and

address; (b) the addresses of any indicated or blind copies; (c) the date, subject matter and number of pages for the Document; (d) a description of any attachments or appendices to the Document; (e) the identities of all persons to whom the Document was distributed, shown or explained; (f) the date on which the Document was destroyed, discarded or lost, and the manner in which it was destroyed, discarded or lost; (g) the reasons for having the Document destroyed or discarded; and (h) the identities of the person authorizing and/or carrying out such destruction or discarding.

10.     When a corporation or a corporate entity is referred to herein, said reference shall be construed to include all predecessors and successors in interest, all affiliates, agents, representatives, departments, divisions or subsidiaries of such corporation or corporate entity, as well as all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.

11.     As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

13.     For purposes of this Subpoena, the relevant time period for the production of documents described is January 1, 2014 through the present, unless otherwise indicated.

## DOCUMENTS REQUESTED

1.     All Communications between the Rolsen Group (and/or any of its related or affiliated entities) and RFB relating to the negotiation, initiation, execution and/or potential restructuring of the Loan Agreement and Collateral Agreements.

2.     All documents evidencing the direct and/or indirect ownership structure of the Rolsen Group (and/or any of its related or affiliated entities), including beneficial and legal ownership.

3.     All documents evidencing the corporate governance of the Rolsen Group  (and/or any of its related or affiliated entities) including Members of the Board, Directors, and Officers.

4.     Any and all documents related to the Rolsen Group's accounting practices and procedures, including manuals and procedural guidelines.

5.     All financial statements, audited or unaudited, of the Rolsen Group (and/or any of its related or affiliated entities).

6.     All tax returns filed by the Rolsen Group (and/or any of its related or affiliated entities).

7.     All banking records of the Rolsen Group (and/or any of its related or affiliated entities).

8.     All documents related to the current location and/or status of assets held or once held by the Rolsen Group (and/or any of its related or affiliated entities).

9.     All documents concerning intercompany transactions and/or accounting entries between and/or among the Rolsen Group (and/or any of its related or affiliated entities) and/or the Beneficial Owners and/or companies directly or indirectly owned or controlled by the Beneficial Owners.

10.    All documents relating to any and all direct or indirect payments, whether by way of dividend, salary, or other transfer of cash, from TV-Alliance or the Collateral Providers to the Beneficial Owners.

11.    All documents relating to any in person or telephonic meetings among the Beneficial Owners where the Loan Agreement or Collateral Agreements were discussed.

12.    All documents related to in person or telephonic meetings held between You and RFB.

## AREAS OF INQUIRY

1.    Your role in the Rolsen Group, its ownership structure, corporate structure, corporate governance, accounting practices, and intragroup transfer practices.

2.    Your participation in and the circumstances surrounding the Loan Agreement, the Collateral Agreements, the default of the Loan Agreement and Collateral Agreements, and the subsequent negotiations with RFB related to potential restructuring.

3.    Payments, whether by way of dividend, salary, or other transfer of cash, from TV-Alliance or the Collateral Providers to You.

4.    Your access to and practical ability to obtain the materials requested in the "Documents Requested" section of this subpoena, including but not limited to financial statements, financial records, working papers, and correspondence.

# UNITED STATES DISTRICT COURT
### for the

#### Northern District of California

| | |
|---|---|
| In Re Ex Parte Application of Joint Stock Company Raiffeisenbank for an Order Pursuant to 28 U.S.C. § 1782 ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Ilya Zubarev, Runa Capital
459 Hamilton Avenue, Office #306, Palo Alto, CA 94301 United States

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached

| Place: Jones Day | Date and Time: |
|---|---|
| 555 California Street, 26th Floor San Francisco, CA 94104-1500 | 11/07/2016 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

                                                            OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Joint Stock Company Raiffeisenbank _____ , who issues or requests this subpoena, are:
David L. Wallach, Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104-1500, dwallach@jonesday.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## GENERAL

Ilya Zubarev ("Zubarev") is required to produce the Documents Requested and testify about the following Areas of Inquiry, according to the following Definitions and Instructions.

## DEFINITIONS

For purposes of these Requests, the following definitions shall apply:

1.      **"RFB"** shall mean Joint Stock Company Raiffeisenbank ("**RFB**") a bank registered under the laws of the Russian Federation with its registered address at 17 Troitskaya Street, Building 1, Moscow, 129090, Russia, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

2.      **"TV-Alliance"** shall mean TV-Alliance LLC, a company registered under the laws of the Russian Federation with its registered address at 19 Chernyakhovskogo Street, Moscow, 125319, Russia, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

3.      **"Loan Facility Agreement"** shall mean the Loan Facility Agreement signed between TV-Alliance and RFB on July 22, 2014.

4.      "**Vitta**" shall mean Vitta LLC  a company registered under the laws of the Russian Federation with its registered address at 7 Second Khoroshevsky Way, Building 1, Moscow, 123007, Russia, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

5.      "**Vitta Floating Charge Agreement**" shall mean Floating Charge Over Stock Agreement No. RBA/16298/P between Vitta and RFB dated 22 July 2014

6.      "**Technika**" shall mean  Sovershennaya Technika LLC, a company registered under the laws of the Russian Federation with its registered address at 102, Fourth Bolshaya Okruzhnaya Street, Kaliningrad, Kaliningradskaya oblast, 236009, Russia, and any of its

employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

7.     **"Technika Suretyship Agreement"** shall mean Suretyship Agreement No. RBA/16298/S3 between Technika and RFB dated 22 July 2014.

8.     **"Videofon"** shall mean Videofon OJSC, a company registered under the laws of the Russian Federation with its registered address at 26 Planetnaya Street, Voronezh, 394044, Russia, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

9.     **"Videofon Mortgage Agreement"** shall mean Mortgage Agreement between Videofon and RFB dated 5 Feb. 2015.

10.     **"Videofon Suretyship Agreement"** shall mean Suretyship Agreement No. RBA/16298/S1 between Videofon and RFB dated 5 Feb. 2015

11.     **"Vargis"** shall mean Vargis LLC, a company registered under the laws of the Russian Federation, with its registered address at 80 Leningradsky Prospect, Building 1, Room 13, Moscow, 125190, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

12.     **"Vargis Suretyship Agreement"** shall mean Suretyship Agreement No. RBA/16298/S4 between Vargis and RFB dated 22 July 2014.

13.     **"SWT"** shall mean Standard and Western Trading Inc., a company incorporated and existing under the laws of the British Virgin Islands with BVI Company No. 1439705, and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, successors or predecessors.

14.     **"SWT Suretyship Agreement"** shall mean Suretyship Agreement No.

RBA/16298/S5 between SWT and RFB dated 22 July 2014.

15. **"Collateral Providers"** shall collectively mean Videofon, Technika, Vitta, Vargis, and SWT.

16. **"Collateral Agreements"** shall collectively mean the Vitta Floating Charge Agreement, Technika Suretyship Agreement, Videofon Mortgage Agreement, Videofon Suretyship Agreement. Vargis Suretyship Agreement, and SWT Suretyship Agreement.

17. **"Rolsen Group"** shall mean the Rolsen Group, a conglomerate of companies co-founded by You and Sergeui Beloussov and any of its employees, agents, directors, officers, representatives, attorneys, affiliates, direct and indirect subsidiaries, related companies or entities, successors or predecessors, including but not limited to TV-Alliance, Videofon, Technika, Vitta, Vargis, and SWT.

18. **"Beneficial Owners**: shall collectively mean You, Serguei Beloussov, Dmitry Kalomeets, and Suk Joo Lee.

19. **"Communications"** shall mean any manner or means of disclosure, transfer, exchange or conveyance of information to an entity including, but not limited to, any conversation, discussion, letter, memorandum, email, facsimile transmission, note, meeting or other transfer of information whether oral or written, or by any other means and includes any Document (as defined herein) which abstracts, digests, transcribes or records any communication.

20. **"Concerning"** shall mean relating to, referring to, constituting, reflecting, concerning, pertaining to or evidencing, or in any way logically or factually connected with the matter described in these Requests.

21. **"Document"** shall include, without limitation, any writing (whether handwritten,

typed, or other printed matter of any kind), drawing, graph, chart, photograph, radiograph, x-ray, phone record, electronic or mechanical matter (including emails, voicemails, microfilm of any kind or nature, tape recordings or digital recordings), or other data (in the form of compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form), and all non-identical copies of drafts of any of the foregoing, and shall include, without limiting the generality of the foregoing: correspondence; notes; spreadsheets; opinions; compilations; chronicles; minutes; resolutions; certificates; agendas; specifications; inter-office and intra-office communications; telegrams; teletypes; agreements; contracts; studies; reports; quotations; memoranda; notes and recordings of telephone or other conversations, conferences or meetings; corporate minutes and resolutions; journal entries; notes and notations (whether separate or added to another document); desk calendars; appointment or memo books; diaries; telephone message pads or slips; work papers; summaries; opinions; analyses; evaluations; agendas; bulletins; brochures; manuals; schedules; books; accounts; ledgers; invoices; purchase orders; receipts; vouchers; checks (including all endorsements thereof); negotiable instruments; commercial paper; banker's items; electronic fund transfer requests or confirmations; payment orders; deposit slips; withdrawal slips; signature cards; affidavits; transcripts; newspaper clippings; any and all other writings, papers or tangible preservation of information of any kind; and any and all information stored in computers or other data storage or processing equipment (together with a copy of the software and information as to the hardware configuration necessary to display and/or print the information in legible form); and all translations thereof.

  22. **"You"** and **"Your"** shall mean Ilya Zubarev.

## INSTRUCTIONS

1.      In producing documents pursuant to these requests, You are required to furnish all documents in Your possession, custody, or control that are known or available to You, regardless of whether those documents are currently possessed by You or by any of Your agents, attorneys, investigators, representatives, financial advisors, consultants, officers, directors, or employees. You must make a diligent search of Your records (including, but not limited to, paper records, computerized records, electronic mail records and voicemail records) and of other papers and material in Your possession.

2.      If You contend that no documents exist relating to all or part of a request, state this contention and respond as fully as possible to all parts of the request for which any document does exist.

3.      Documents are to be produced in a way that identifies the request or requests to which each document applies, or as they are maintained in the usual course of business. Documents to be produced shall be the original of all Documents in the regular files as maintained, together with any Documents that were clipped or attached to them, and, in addition, any originals or copies containing handwriting or other notations. A complete and legible copy may be produced in lieu of producing the Document itself.

4.      A request for the production of any Document shall be deemed to include a request for all drafts thereof and all revisions or modifications thereto, as well as all non-identical copies thereof, including any copies with handwriting or other notations.

5.      If any Document is withheld by You under a claim of privilege, You shall furnish a list signed by the person supervising the production of Documents that identifies and describes each Document for which the privilege is claimed, together with the following information with

respect to each such Document:

    (a)     title and date;

    (b)     author, signer, any person who participated in its preparation, and/or

sender;

    (c)     subject matter;

    (d)     number of pages;

    (e)     persons to whom copies were furnished or who are known to have seen

the Document, together with their employer and job title;

    (f)     the present custodian of the Document;

    (g)     the basis on which the privilege is claimed; and

    (h)     the nature of the privilege asserted as a basis for withholding the

Document.

    6.     Notwithstanding a claim that a Document contains privileged information or is otherwise partially immune from discovery, any such Document must be produced with the portion claimed to be protected excised.

    7.     If any of the Documents cannot be produced in full, they shall be produced to the maximum extent possible and the responding party shall specify the reasons for the inability to produce the remainder.

    8.     Where an objection is made to any request, the objection shall state with specificity all grounds for such objection. Any ground not stated in a timely objection shall be waived.

    9.     In the event that any Document covered hereunder has been destroyed, discarded or lost, the responding party shall identify each such Document by stating: (a) the addressor and

address; (b) the addresses of any indicated or blind copies; (c) the date, subject matter and number of pages for the Document; (d) a description of any attachments or appendices to the Document; (e) the identities of all persons to whom the Document was distributed, shown or explained; (f) the date on which the Document was destroyed, discarded or lost, and the manner in which it was destroyed, discarded or lost; (g) the reasons for having the Document destroyed or discarded; and (h) the identities of the person authorizing and/or carrying out such destruction or discarding.

10.     When a corporation or a corporate entity is referred to herein, said reference shall be construed to include all predecessors and successors in interest, all affiliates, agents, representatives, departments, divisions or subsidiaries of such corporation or corporate entity, as well as all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.

11.     As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

13.     For purposes of this Subpoena, the relevant time period for the production of documents described is January 1, 2014 through the present, unless otherwise indicated.

## DOCUMENTS REQUESTED

1.     All Communications between the Rolsen Group (and/or any of its related or affiliated entities) and RFB relating to the negotiation, initiation, execution and/or potential restructuring of the Loan Agreement and Collateral Agreements.

2.     All documents evidencing the direct and/or indirect ownership structure of the Rolsen Group (and/or any of its related or affiliated entities), including beneficial and legal ownership.

3.     All documents evidencing the corporate governance of the Rolsen Group (and/or any of its related or affiliated entities) including Members of the Board, Directors, and Officers.

4.     Any and all documents related to the Rolsen Group's accounting practices and procedures, including manuals and procedural guidelines.

5.     All financial statements, audited or unaudited, of the Rolsen Group (and/or any of its related or affiliated entities).

6.     All tax returns filed by the Rolsen Group (and/or any of its related or affiliated entities).

7.     All banking records of the Rolsen Group (and/or any of its related or affiliated entities).

8.     All documents related to the current location and/or status of assets held or once held by the Rolsen Group (and/or any of its related or affiliated entities).

9.     All documents concerning intercompany transactions and/or accounting entries between and/or among the Rolsen Group (and/or any of its related or affiliated entities) and/or the Beneficial Owners and/or companies directly or indirectly owned or controlled by the Beneficial Owners.

10.     All documents relating to any and all direct or indirect payments, whether by way of dividend, salary, or other transfer of cash, from TV-Alliance or the Collateral Providers to the Beneficial Owners.

11.     All documents relating to any in person or telephonic meetings among the Beneficial Owners where the Loan Agreement or Collateral Agreements were discussed.

12.     All documents related to in person or telephonic meetings held between You and RFB.

## AREAS OF INQUIRY

1.      Your role in the Rolsen Group, its ownership structure, corporate structure, corporate governance, accounting practices, and intragroup transfer practices.

2.      Your participation in and the circumstances surrounding the Loan Agreement, the Collateral Agreements, the default of the Loan Agreement and Collateral Agreements, and the subsequent negotiations with RFB related to potential restructuring.

3.      Payments, whether by way of dividend, salary, or other transfer of cash, from TV-Alliance or the Collateral Providers to You.

4.      Your access to and practical ability to obtain the materials requested in the "Documents Requested" section of this subpoena, including but not limited to financial statements, financial records, working papers, and correspondence.